## Martha E. Keesey, Adm'x, v. Lake Erie & Western Railroad Company.

1. RAILROADS—*Accident at Country Crossing.*—Where defendant's engineer and fireman were at their respective posts, properly discharging their duties, the road crossing was in the country and at a place where defendant had the right to move its trains at thirty miles or more per hour, the crossing signals required by the statute were given, and the noise of the train could be heard a long distance, it is not guilty of negligence contributing to the death of one who does not appear to have exercised that care for his own safety which the law requires, but drives at full speed upon the track in a top buggy with the top up.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

A. L. PHILLIPS, attorney for appellant.

CLOUD & MOFFETT, attorneys for appellee; JOHN B. COCKRUM, of counsel.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellant to recover damages for the alleged negligent killing of B. F. Keesey. There was a trial by jury and a verdict rendered for the defendant in compliance with a peremptory instruction given by the court at the conclusion of the plaintiff's evidence.

Keesey was killed at a public road crossing while attempting to cross in front of a passenger train running at a speed of thirty miles per hour. He was riding in a top buggy, with the top up, and was driving a team of two horses. The evidence shows that one of his horses had a bad habit of starting into a run on reaching an up grade and was at times hard to hold. At the point in question, there is an abrupt rise to the railroad track. When deceased reached there, his team started up suddenly, and when seen by appellant's fireman, it was running at full speed within a few feet of the track. It was impossible to stop the train

or do anything to avoid the collision which occurred and from which Keesey was killed.

We are unable to see from the evidence upon what ground appellee could be held liable. The engineer and fireman were at their respective posts, properly discharging their duties. The road crossing was in the country and at a place where appellee had the right to move its trains at thirty miles or more per hour. The crossing signals required by the statute were given and neither engineer nor fireman appear to be guilty of any negligence which caused or contributed to the unfortunate accident. On the other hand, the deceased was not, in our opinion, in the exercise of that care for his own safety which the law requires. It does not appear that he exercised his senses in the least to learn of the approach of the train. The noise of the train could be heard a long distance. One witness, who was riding on a load of corn far in the rear of deceased, heard the moving train and the crossing signal.

We think that the court properly directed a verdict for the defendant.

Judgment affirmed.